CAPITAL CITY BANK OF TALLAHASSEE, FLORIDA, v. THE
LEWIS STATE BANK.

197 So. 528
En Banc
Opinion Filed July 23, 1940
Rehearing Denied August 2, 1940

*C. L. Waller, B. A. Meginniss, Millard Caldwell* and *J. Lewis Hall*, for Appellant;

*W. J. Oven* and *W. J. Oven, Jr.*, for Appellee.

TERRELL, C. J.—Ira B. Raker, as administrator of the estate of James E. Jackson, drew a check against the Lewis State Bank in favor of Gertrude M. Jackson. The check was turned over to Raney Whaley, the probate judge of Wakulla County, who on April 13, 1931, without authority of the payee, endorsed and presented it to the Capital City Bank for deposit and payment. The latter bank stamped "paid" on the back of the check with its endorsement and presented it to Lewis State Bank through clearing house. The Lewis State Bank relying on the bona fides of the endorsement, paid the check April 13, 1931.

Raney Whaley appropriated the proceeds of the check

to his own use so Gertrude N. Jackson by Ira Raker, brought suit against the Lewis State Bank to recover the face of the check with interest. Judgment in favor of the payee was affirmed by this Court in May, 1939. In August following, the present suit was filed by Lewis State Bank against Capital City Bank to recover the sum it was required to pay.

The complainant's theory of the case in the latter suit is embraced in the prayer of the bill of complaint as follows: (1) That defendant (Capital City Bank) be required to restore to the complainant (Lewis State Bank) such sums as were shown to have been paid by the complainant to the defendant on the mutual mistake and erroneous belief of both parties that Raney Whaley endorsed the check for Gertrude N. Jackson by her authority, (2) That defendant be decreed to be trustee *ex maleficio* for such sums as may be found to have been received by defendant for its use on account of its unlawful and fraudulent action in cashing said check upon the unauthorized endorsement of Raney Whaley and that defendant be required to account to complainant for said sums, (3) That the endorsement on said check be declared and construed to be the genuine endorsement and guarantee of defendant's ownership of said check and a guarantee of all prior endorsements and being established that such endorsements be enforced. The salient facts of the case are not in dispute. In our view, the question presented turns on the answer to the query, whose duty was it to ascertain Whaley's authority to endorse the check?

Appellant contends that it never endorsed the check, that it acted merely as the agent of the holder, that it at no time became the owner, that the endorsement was not a hidden forgery but was plain on its face, that it did not credit the holder of the check with proceeds until honored by drawee,

that lack of authority to endorse the check was not brought to the attention of appellant until it paid the proceeds to the holder, that the check having been paid April 13, 1931, and this suit not having been brought until August, 1939, the cause of action is barred by the statute of limitations. For these reasons it contends that it should not be required to pay the check.

As against the contention of appellant, appellee contends that it should be permitted to recover from appellant because it was the duty of the latter to ascertain the authority of Whaley to endorse the check, that Appellee has a right to assume that said duty was performed, that the check was presented to it in the usual course of business, without notice as to whether the first bank was owner of the check or agent for the depositor, or for whom it was acting or to whose account it had been credited, that it was not a special item and that it had knowledge of the fraudulent signature.

It is not questioned that appellee gave notice to appellant of the fraud as soon as it discovered that the check had been paid on the fraudulent endorsement. It is shown, however, that appellant permitted Whaley to withdraw a part of the proceeds of the check before ascertaining his authority to endorse it and that it did not present the check as a special agent but in the usual course of business. The chancellor found that no fraud was committed by appellant, but that appellee should be permitted to recover on the ground of mutual error. He further found that the plea of the statute of limitations had no application in an equitable proceeding to rectify a mutual error.

On the latter point the chancellor was correct, but on the first point the error being mutual, and neither party being free from blame it would have been more equitable to have divided the amount of the judgment sued on between them. We say this because the check was decorated with danger

signals, and because appellant and appellee were both trustees for Gertrude N. Jackson, and had no right whatever to recognize the check before knowing that the endorsement was bona fide. It is no defense for a trustee occupying the highest position of trust to pass a check in this manner, and charge the dereliction to another.

The judgment is accordingly affirmed in part and reversed in part. That is to say, we direct the chancellor to enter judgment against appellant and in favor of appellee for one-half the amount of the judgment sued on with interest and that the cost of the litigation be likewise distributed.

Affirmed in part, reversed in part.

WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

THOMAS, J., dissents.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.